[Cite as *State v. Groves*, 2025-Ohio-1616.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellant/            :        CASE NO. 24CA1206
    Cross-Appellee,                                  24CA1208
                                        :

    v.                                  :

JUSTIN GROVES,                                      DECISION & JUDGMENT
                                                 ENTRY
                                        :

    Defendant-Appellee/
    Cross-Appellant.                :

_____

APPEARANCES:

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union,
Ohio, for Plaintiff-Appellant/Cross-Appellee.

Brian Goldberg, Cincinnati, Ohio, for Defendant-Appellee/Cross-
Appellant.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-25-25
ABELE, J.

{¶1}  This is an appeal from Adams County Common Pleas Court
judgments regarding a guilty plea, sentence and community control
revocation.

{¶2}  The State of Ohio, plaintiff below and appellant herein,
raises the following assignment of error for review:

> "THE TRIAL COURT ERRED IN SENTENCING JUSTIN
> GROVES TO A COMMUNITY CONTROL SANCTION CONTRARY

TO LAW WHEN A PRISON TERM WAS MANDATORY
PURSUANT TO R.C. 2950.99(A)(2)(b)."

{¶3} Justin Groves, defendant below and appellee herein, filed a cross-appeal and raises the following assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. GROVES BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY."

{¶4} On March 26, 2024, the Adams County Grand Jury returned an indictment that charged appellee with the Failure to Notify Change of Address in violation of R.C. 2950.05(A), a third-degree felony.

{¶5} Subsequently, after the trial court misinformed appellee about his possible eligibility for community control, appellee entered a guilty plea to the charge set forth in the indictment. The court accepted appellee's plea and ordered him to serve two years community control, complete 200 hours of community service and pay a $250 fine. Appellant, however, points out that R.C. 2950.99(A)(2)(b) requires a three-year mandatory prison term for this offense. Apparently, appellee had been on probation for a previous failure to register offense.

{¶6} Here, appellee candidly and forthrightly concedes that

the Ohio Revised Code requires that, under the present circumstance, appellee's offense requires a mandatory three-year prison term. However, in his cross-appeal appellee asserts that he did not enter a knowing, voluntary and intelligent plea because he had been misadvised of community control eligibility when that option did not exist. Consequently, appellee requests that we vacate his conviction due to his improper plea. Appellant also candidly and forthrightly agrees that appellee's plea should be deemed to be invalid, his conviction vacated and the matter remanded for further proceedings.

{¶7} Appellant further contends that it did not receive notice, or have an opportunity to be heard, regarding appellee's alleged community control violation. Apparently, the trial court sua sponte dismissed the State's community control revocation request. Once again, appellee concedes error in this matter and requests remand for further consideration.

{¶8} Based upon the foregoing reasons, we sustain the parties' assignments of error, reverse the trial court's judgments and remand this matter for further proceedings. We appreciate counsels' approach in the disposal of this appeal and further express our sympathy with every court that must undertake the task

4

of deciphering Ohio's complex felony sentencing scheme.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgments be reversed and cause remanded for further proceedings consistent with this opinion. Appellee and appellant shall equally divide the costs herein taxed.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry these judgments into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.